UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DULUX BORGELLA,                          CASE NO.: 0:25-cv-60353-DSL


      Plaintiff,

v.


TIGER PETROLEUM INC., AMERICAN
PETROLEUM INC., and MOHAMMAD AZAM,


      Defendants.

_____/

## DEFENDANTS, TIGER PETROLEUM INC., AMERICAN PETROLEUM INC., AND MOHAMMAD AZAM'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants, TIGER PETROLEUM INC. ("TP"), AMERICAN PETROLEUM INC. ("AP"), and MOHAMMAD AZAM ("AZAM"), and collectively the "Defendants", by and through their undersigned counsel, hereby files this their Answer and Affirmative Defenses to Plaintiff's Complaint, and states as follows:

1. Admitted for jurisdictional purposes only, however denied that Plaintiff is entitled to bring such a claim against Defendants.

2. Denied.

3. Denied.

4. Denied.

5. Admit.

6. Denied.

7. Admit.

8. Admit.

9. Denied.

-1-

10.     Admit.

11.     Admit.

12.     Denied.

13.     Admit.

14.     Denied.

15.     Admitted that Defendants, TP and AP are covered employers within the meaning of the FLSA, otherwise denied.

16.     Admit.

17.     Admit.

18.     Denied as stated.

19.     Denied.

20.     Denied.

21.     No allegation has been stated to necessitate a response by Defendants, otherwise denied.

22.     Without knowledge; therefore denied.

**COUNT I**
**<u>VIOLATION OF THE FAIR LABOR STANDARDS ACT</u>**
**<u>AGAINST ALL DEFENDANTS</u>**

23.     Defendants restate their responses to paragraphs 1- 22 as if fully stated herein.

24.     No allegation has been stated to necessitate a response by Defendants, otherwise denied.

25.     No allegation has been stated to necessitate a response by Defendants, otherwise denied.

**GENERAL ALLEGATIONS COMMON TO ALL AFFIRMATIVE DEFENSES**

1.      Plaintiff began his employment with Defendants in June of 2016.

2.      Since 2016, Plaintiff was paid on an hourly basis, and through the years was given hourly increases due to his work performance.  Ultimately, the Plaintiff became a manager for Defendants.

3.      Due to Plaintiff's managerial position, Plaintiff was allowed to prepare his own work schedule and report his hours worked by writing his hours on a piece of paper, taking a picture of his hours, and sending it via text message to Azam.  Plaintiff was not required to punch a time clock, so any errors in the amount paid to Plaintiff are the result of errors and omissions on the part of Plaintiff and not on the part of Defendants.

4.      Azam did not request or approve overtime work of Plaintiff.

5.      Defendants have been required to retain and pay its undersigned attorneys in defense of this lawsuit.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**
(Failure to State a Cause of Action)

Plaintiff has failed to allege sufficient facts to show that he was an employee of all three Defendants, the rates of pay he was entitled to be paid by each Defendant, the hours that he worked for each Defendant, and the overtime hours and other hours he was owed but not paid by each Defendant. Accordingly, Plaintiff has failed to state a cause of action upon which relief can be granted and all or part of Plaintiff's Complaint should be dismissed.

**SECOND AFFIRMATIVE DEFENSE**
(Accord and Satisfaction)

Plaintiff was fully compensated for his work and is not entitled to any additional compensation and Plaintiff's claims are therefore barred by the doctrines of accord and satisfaction, settlement, and/or payment and release.

**THIRD AFFIRMATIVE DEFENSE**
(Good Faith / Bonafide Error)

At all times, Defendants acted in good faith and had reasonable grounds for believing its actions were in compliance with state and federal laws governing the payment of overtime hours and other wages. Any alleged failure to properly compensate Plaintiff was the result of a bonafide error on the part of Defendants and not the result of any willful disregard for the law.

**FOURTH AFFIRMATIVE DEFENSE**
(Fraud / Retaliation)

Plaintiff is fully aware that he was properly paid for any amounts owed to him and he has brought this claim in bad faith and seeks to perpetrate a fraud upon the Court by claiming that Defendants did not pay him for overtime and other wages he is not owed. Defendants can only conclude, therefore, that Plaintiff's claims are retaliatory rather than compensatory in nature, or otherwise motivated by an improper intent on the part of Plaintiff.

**FIFTH AFFIRMATIVE DEFENSE**
(Failure to Mitigate Damages)

Plaintiff has failed to mitigate his alleged damages by, *inter alia*, advising Defendants of any alleged deficiency in the amount(s) Plaintiff believed he was owed prior to filing this lawsuit.

**SIXTH AFFIRMATIVE DEFENSE**
(*De Minimus* Doctrine)

Some or all of Plaintiff's claims are not compensable pursuant to the *de minimus* doctrine.

## EIGHTH AFFIRMATIVE DEFENSE
(Laches)

Plaintiff's claims are barred by the doctrines of waiver, estoppel and/or laches.

## NINTH AFFIRMATIVE DEFENSE
(Mistake of Law)

Defendants actions were in good faith conformity with and/or reliance on administrative regulation, order, ruling, approval, interpretation, or practice of the Department of Labor.

## CLAIM FOR ATTORNEY FEES

Defendants retained the undersigned counsel to defend this matter and has agreed to pay reasonable attorney's fees and costs.  Defendants reserve the right to petition the Court for attorney's fees and costs should Defendants be the prevailing party or otherwise become entitled to an award of reasonable attorney's fees and costs pursuant to the FLSA or other applicable rules or statutes.

WHEREFORE, Defendants, TIGER PETROLEUM INC., AMERICAN PETROLEUM INC., and MOHAMMAD AZAM, pray this Honorable Court will dismiss Plaintiff's Complaint, finding that Plaintiff shall go hence without delay, and award Defendants' attorney's fees and costs, and grant such other and further relief as this Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via electronic filing through CM/ECF which will provide copies on this 7th day of April, to:

Dillon S. Cuthbertson, Esq.
Koz Law, P.A.
800 East Cypress Creek Road Suite 421
Fort Lauderdale, Florida 33334
Email: dc@kozlawfirm.com

-6-

**ANDERSON LAW GROUP**

/s/ Daniel W. Anderson
Daniel W. Anderson, Esq.
FBN: 490873
13577 Feather Sound Drive, Suite 190
Clearwater, FL 33762
Telephone: (727) 329-1999
Email:  danderson@floridalawpartners.com
Email:  eserve@floridalawpartners.com
*Counsel for Defendants*